UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REYNOLD CATO,

                           Plaintiff,

              -against-

WESTCHESTER MEDICAL CENTER, et al.,

                           Defendants.

7:24-CV-2209 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff Reynold Cato, who is currently incarcerated in the Elmira Correctional Facility, brings this action *pro se* under 42 U.S.C. § 1983, seeking damages and asserting that the defendants violated his federal constitutional rights. Plaintiff's claims arise from events that allegedly occurred while he was incarcerated in two state prisons in Dutchess County – the Green Haven Correctional Facility ("Green Haven") and, to a much lesser extent, the Fishkill Correctional Facility – as well as while he was being treated at the Westchester Medical Center ("WMC"). Plaintiff names the following defendants, if not in the caption of the complaint, then in the text's list of parties: (1) the WMC; (2) Mark Miller, the Green Haven Superintendent; (3) Green Haven "Deputy Superintendent of Medical 'T'," which appears to be Green Haven Deputy Superintendent Tuey; (4) Green Haven physician Doctor Ozu; (5) Green Haven physician "Doctor Ashton 'A'"; (6) Green Haven Nurse Brewer; (7) Green Haven Nurse Mathew; (8) Green Haven Nurse Solstice; (9) Green Haven Nurse Alexandria; (10) the State of New York; (11) WMC surgeon, Doctor McGill; (12) Green Haven "head doctor," Doctor Bentevejnz; and (13) Green Haven Correctional Sergeant Noriega. (ECF 1, at 1-4.)

By order dated March 26, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court: (1) dismisses Plaintiff's claims under Section 1983 against the State of New York, pursuant to Eleventh Amendment immunity; (2) directs the Clerk of Court add as defendants, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"): (a) an unidentified New York State Department of Corrections and Community Supervision ("DOCCS") Assistant Commissioner ("Jane Doe Assistant Commissioner") who encountered Plaintiff at Green Haven, (b) an unidentified Green Haven Deputy Superintendent in charge of enforcing the Prison Rape Elimination Act at Green Haven ("Jane Doe PREA Deputy Superintendent"), (c) Green Haven First Deputy Superintendent Williams, (d) Green Haven Deputy Superintendent Demshik, (e) DOCCS Office of Special Investigation Officer Shawn Hanley, and (f) Green Haven Deacon Brucner; (3) directs service on all of the identified defendants, including those identified defendants added to this action under Rule 21; and (4) directs the Attorney General of the State of New York to provide to the Court and to Plaintiff the identities and service addresses of Jane Doe Assistant Commissioner and Jane Doe PREA Deputy Commissioner, and grants Plaintiff leave to amend his complaint to add those individuals as defendants once he is informed of their identities and service addresses.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks

and citations omitted, emphasis in original).

## DISCUSSION

### A.    The State of New York

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the State of

New York under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state

governments may not be sued in federal court unless they have waived their Eleventh

Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment

immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks

and citation omitted, second alteration in original). This immunity shields States from claims for

money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*,

474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02

(1984). Congress has not abrogated the States' immunity for claims under Section 1983, *see*

*Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not

waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*,

557 F.2d 35, 40 (2d Cir. 1977). The Eleventh Amendment therefore precludes Plaintiff's claims

under Section 1983 against the State of New York.

Accordingly, the Court dismisses Plaintiff's claims under Section 1983 against the State

of New York under the doctrine of Eleventh Amendment immunity, *see* 28 U.S.C.

§ 1915(e)(2)(B)(iii), and consequently, for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P.

12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its

immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

**B.      Rule 21 of the Federal Rules of Civil Procedure**

Under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-5909, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

Plaintiff does not name Jane Doe Assistant Commissioner, Jane Doe PREA Deputy Superintendent, First Deputy Superintendent Williams, Deputy Superintendent Demshik, Officer Hanley, and Deacon Brucner as defendants. He does allege, however, that those high-ranking DOCCS and Green Haven officials encountered him while he was incarcerated in Green Haven and that he told each of them of his then-medical condition. In light of Plaintiff's *pro se* status and those allegations, the Court understands Plaintiff's complaint as asserting claims against those individuals. Accordingly, the Court directs the Clerk of Court to add those individuals as defendants in this action, under Rule 21. This amendment is without prejudice to any defenses that those individuals may wish to assert.

**C.    Service on the identified defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the United States Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the identified defendants, which includes those identified defendants the Court has added to this action under Rule 21 (Defendants WMC, Miller, Tuey, Ozu, Ashton, Brewer, Mathew, Solstice, Alexandria, McGill, Bentevejnz, Noriega, Williams, Demshik, Hanley, and Brucner), through the United States Marshals Service, the Clerk of Court is instructed to fill out a United States Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for those defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summonses and the complaint upon those defendants.

If the summonses and the complaint are not served on those defendants within 90 days after the date the summonses for those defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service on the identified defendants until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve the identified defendants until 90 days after the date that summonses are issued for those defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

**D.      Jane Doe Assistant Commissioner and Jane Doe PREA Deputy Superintendent**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify Jane Doe Assistant Commissioner (a female DOCCS Assistant Commissioner who encountered Plaintiff at Green Haven on or about October 7, 2023) and Jane Doe PREA Deputy Superintendent (a female Green Haven Deputy Superintendent in charge of enforcing the Prison Rape Elimination Act (PREA) at Green Haven) who encountered Plaintiff at Green Haven on or about October 6, 2023, and on or about October 11, 2023. It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identity of those unidentified defendants and the addresses where those defendants may be served. The Attorney General must provide this information to the Court and to Plaintiff within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming those currently unidentified defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing service on those currently unidentified defendants.

**CONCLUSION**

The Court dismisses Plaintiff's claims against the State of New York. *See* 28 U.S.C.

§ 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

The Court also directs the Clerk of Court to mail an information package to Plaintiff.

The Court further directs the Clerk of Court to add the following individuals as

defendants: (1) Jane Doe Assistant Commissioner, (2) Jane Doe PREA Deputy Superintendent,

(3) First Deputy Superintendent Williams, (4) Deputy Superintendent Demshik, (5) DOCCS

Special Investigations Officer Shawn Hanley, and (5) Deacon Brucner. *See* Fed. R. Civ. P. 21.

The Court additionally directs the Clerk of Court to issue summonses for the identified

defendants (Defendants Westchester Medical Center, Miller, Tuey, Ozu, Ashton, Brewer,

Mathew, Solstice, Alexandria, McGill, Bentevejnz, Noriega, Williams, Demshik, Hanley, and

Brucner), complete USM-285 forms with the service addresses of each of those defendants, and

deliver all documents necessary to effect service of the summonses and the complaint on those

defendants to the United States Marshals Service.

The Court directs the Clerk of Court to mail a copy of this order and a copy of the

complaint to the Attorney General of the State of New York, at 28 Liberty Street, 16th Floor,

New York, New York 10005.

An amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

      SO ORDERED.

Dated:   April 24, 2024
         White Plains, New York

                                              CATHY SEIBEL
                             United States District Judge

**DEFENDANT AND SERVICE ADDRESS FOR DEFENDANTs**

1.     Westchester Medical Center
        100 Woods Road
        Valhalla, New York 10595

2.     Mark Miller, Superintendent
        Green Haven Correctional Facility
        594 Route 216
        Stormville, New York 12582-0010

3.     Deputy Superintendent Tuey
        Green Haven Correctional Facility
        594 Route 216
        Stormville, New York 12582-0010

4.     Doctor Ozu
        Green Haven Correctional Facility
        594 Route 216
        Stormville, New York 12582-0010

5.     Doctor Ashton
        Green Haven Correctional Facility
        594 Route 216
        Stormville, New York 12582-0010

6.     Nurse Brewer
        Green Haven Correctional Facility
        594 Route 216
        Stormville, New York 12582-0010

7.     Nurse Mathew
        Green Haven Correctional Facility
        594 Route 216
        Stormville, New York 12582-0010

8.     Nurse Solstice
        Green Haven Correctional Facility
        594 Route 216
        Stormville, New York 12582-0010

9.     Nurse Alexandria
        Green Haven Correctional Facility
        594 Route 216
        Stormville, New York 12582-0010

10.    Doctor McGill
       Westchester Medical Center
       100 Woods Road
       Valhalla, New York 10595

11.    Doctor Bentevejnz
       Green Haven Correctional Facility
       594 Route 216
       Stormville, New York 12582-0010

12.    Correctional Sergeant Noriega
       Green Haven Correctional Facility
       594 Route 216
       Stormville, New York 12582-0010

13.    First Deputy Superintendent Williams
       Green Haven Correctional Facility
       594 Route 216
       Stormville, New York 12582-0010

14.    Deputy Superintendent Demshik
       Green Haven Correctional Facility
       594 Route 216
       Stormville, New York 12582-0010

15.    Shaw Hanley
       Office of Special Investigations
       New York State Department of Corrections and Community Supervision
       Harriman State Office Campus
       1220 Washington Avenue
       Albany, New York 12226-2050

16.    Deacon Brucner
       Green Haven Correctional Facility
       594 Route 216
       Stormville, New York 12582-0010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 2:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 3:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 4:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____