UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
REYNOLD CATO,

                                  Plaintiff,

    - against -

CARRIE SOLTISH et al.,

                               Defendants.
-------------------------------------------------------------x

                          No. 24-CV-2209 (CS)

                              **ORDER**

CATHY SEIBEL, United States District Judge:

       At the proceeding on April 23, 2025, Plaintiff requested the appointment of counsel.  For the following reasons, Plaintiff's application is granted to the extent that the Court will request volunteer counsel.

<strong>LEGAL STANDARD</strong>

       The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation.  *Id.*  Even if a court believes that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer

lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

On the record at today's bench ruling, Plaintiff requested the appointment of counsel for the remainder of the case. Plaintiff previously filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* ECF No. 5.) Plaintiff remains incarcerated and I presume that his financial status has not changed. Plaintiff therefore qualifies as indigent.

In his Second Amended Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that a nurse, Carrie Soltish, and doctor, Edwin Uzu, at Green Haven Correctional Facility, were deliberately indifferent to his medical needs. Given the seriousness of the allegations, and the fact that Defendants did not move to dismiss these claims, I find that Plaintiff's claims are of sufficient substance to warrant granting Plaintiff's application. The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Plaintiff is presently incarcerated and has been unable to retain counsel. Plaintiff's case will likely depend on the testimony of expert witnesses, and Plaintiff will be able to retain an expert witness more easily with the assistance of counsel. I find that the assistance of counsel will "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted to the extent that the Court will request volunteer counsel for the remainder of proceedings. The Court advises Plaintiff that there are not funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney decides to take the case, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will take the case, and in the meantime Plaintiff should continue to represent himself. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully

directed to send a copy of this Order to Plaintiff.

SO ORDERED.

Dated:  April 23, 2025
      White Plains, New York

                                                   _____
                                                   CATHY SEIBEL, U.S.D.J.